Marvin Jessie, Appellant, v. Kelly-Mutual Credit Clothing Co., Inc., Respondent.— Action on an alleged employment contract to recover commissions earned in addition to salary. Order of the Appellate Term reversing a judgment of the City Court of the City of New York, Kings County, in plaintiff's favor, and granting a new trial, reversed on the law, and the judgment of the City Court reinstated, with costs in this court and in the Appellate Term.

The rulings of the trial court sustaining objections to cited questions propounded by defendant on cross-examination of plaintiff were correct. Whether any advice to plaintiff that he had been included in a union agreement at a salary of $45 a week was material depended upon the nature of the inclusion as showing that $45 a week was all to which plaintiff was entitled. We are of opinion, therefore, that the exclusion of the question as to whether or not the plaintiff was so advised did not constitute reversible error. The agreement was not before the jury at the time the question was propounded. It was offered thereafter and excluded, a ruling as to which defendant does not complain, and examination of this proposed agreement and annexed schedule reveals that it contains nothing which is inconsistent with plaintiff's claim to commissions. The question relating to payment of money by plaintiff to a probation officer was improper in form for the announced purpose of showing, or laying a foundation for, statements made by plaintiff to the probation officer in contradiction of plaintiff's claim. The failure of defendant to adduce any proof of the falsity of statements by plaintiff to the probation officer, the basis of the disputed question, rendered irrelevant and immaterial proof of the alleged practice of payment of money by plaintiff proportionate to earnings. As to the series of questions with respect to judgments and examinations in supplementary proceedings, plaintiff could not be committed to the "basis" upon which another had garnisheed his salary. He was entitled to have laid before him any alleged inconsistent statement with which he was sought to be taxed and, as the attorney for defendant agreed at the trial, the existence of judgments against him was immaterial. Close, P. J., Hagarty and Carswell, JJ., concur; Johnston and Adel, JJ., dissent and vote to affirm the order of the Appellate Term, with the following memorandum: In our opinion the Appellate Term correctly held that it was error for the trial court to refuse to permit defendant to elicit proof on the cross-examination of plaintiff as to whether he had been advised that he was included in the union agreement at a salary of $45 a week. We are of the further opinion that the verdict in favor of plaintiff is against the weight of the credible evidence. [See 270 App. Div. 765.]